JON G. MILLER, Bar No. 150702
jmiller@littler.com
SARA ZIMMERMAN, Bar No. 300549
szimmerman@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
Telephone: 949.705.3000
Facsimile: 949.724.1201

Attorneys for Defendant
CAL CLOSETS RETAIL, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMOJI BROWN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CAL CLOSETS RETAIL, INC., a Delaware corporation; and, DOES 1-50, inclusive,<br><br>Defendants. | Case No.2:20-cv-11631<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF KIMOJI BROWN, AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1332, 1441(b), and 1446, Defendant CAL CLOSETS RETAIL, INC. ("Defendant"), by and through undersigned counsel, hereby removes the action described below from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. section 1332 ("Section 1332"), based upon complete diversity of citizenship.

Defendant makes the following allegations in support of their Notice of Removal:

## JURISDICTION [LOCAL RULE 8-1]

1. This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), because it is a civil action wherein the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all of the Section 1332 requirements for removal and is timely and properly removed by the filing of this Notice.

2. As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

3. Venue lies in the Central District of California pursuant to 28 U.S.C. sections 84(c), 1441(a), and 1446(a). Plaintiff originally brought the state court action in the Superior Court of the State of California, County of Los Angeles. Pursuant to 28 U.S.C. section 84(c)(2), the appropriate assignment of the state court action is to the Western Division of this Court.

///

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

2.

## PLEADINGS, PROCESS AND ORDERS

4.    This lawsuit arises out of the Complaint of Plaintiff KIMOJI BROWN ("Plaintiff"), and is related to his employment with Defendant Cal Closets Retail, Inc. ("Defendant"). On November 23, 2020, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Los Angeles, Case No. 20STCV45019, styled *Kimoji Brown, an individual v. Cal Closets Retail, Inc., a Delaware corporation; and DOES 1-50, inclusive.* The Complaint asserts the following causes of action: (1) racial discrimination in violation of California's Fair Employment and Housing Act ("FEHA"); (2) retaliation in violation of the FEHA; (3) failure to prevent discrimination in violation of the FEHA; and (4) wrongful termination in violation of the public policy (FEHA). Plaintiff indicated in his Complaint and "Prayer for Relief" that he is seeking general damages, including loss of past and future income; special damages; punitive damages; attorneys' fees and costs of suit; and such other and further relief as the court may deem just and proper.

5.    On November 25, 2020, Plaintiff caused to be served on Defendant's registered agent for service of process a copy of the Complaint along with a Summons, Civil Case Cover Sheet, Notice of Case Assignment – Unlimited Civil Case, First Amended General Order, Voluntary Efficient Litigation Stipulations, and the Alternative Dispute Resolution Packet. A true and correct copy of these documents are attached as **Exhibit A** to the concurrently filed Declaration of Sara A. Zimmerman, Esq. ("Zimmerman Decl.").

6.    On November 30, 2020, Plaintiff filed a Proof of Service of Summons and Complaint. Attached as **Exhibit B** to the Zimmerman Decl. is a true and correct copy of the Proof of Service of Summons and Complaint.

7.    On November 22, 2020, Defendant filed its Answer to Plaintiff's Complaint in the Superior Court for the State of California, County of Los Angeles. Attached as **Exhibit C** to the Zimmerman Decl. is a true and correct copy of Defendant's Answer.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

3.

8.     Pursuant to 28 U.S.C. section 1446(a), the documents attached to the Zimmerman Decl. as **Exhibits A-C** constitute all process, pleadings, and orders served upon Defendant or filed in this action.  Zimmerman Decl., ¶ 5.

## TIMELINESS OF REMOVAL

9.     Plaintiff served the Summons and Complaint on Defendant CAL CLOSETS RETAIL, INC. on November 25, 2020.  Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendant was effectively served with the Summons and Complaint, and within one year after commencement of this action.

## DIVERSITY JURISDICTION PURSUANT TO SECTION 1332

10.    Section 1332(a) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . (1) citizens of different States[.]"

11.    This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

12.    To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state.  *See Bank of N.Y. Mellon v. Nersesian,* 2013 WL 8284799, at *7 (C.D. Cal. 2013) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return; residence is *prima facie* evidence of one's domicile.  *Id., see also Sadeh v. Safeco Ins. Co.*, 2012 WL 10759737, at *4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).  Plaintiff's Complaint alleges that he is an individual residing in California.  *See* Zimmerman Decl., **Exh. A**, Summons and

Complaint ¶ 1.  Additionally, Plaintiff owns property in Los Angeles County, California, and has continuously since approximately 1999. *Id.* at ¶ 6.

13.    Defendant was, at the time of filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware. *See* Declaration of Andrew Wadhams ("Wadhams Decl.") at ¶ 2. Defendant's principal place of business is in the State of Arizona. *Id.*.   Therefore, Defendant is not a citizen of the State in which this action is pending and is, in fact, a citizen of a different State than that of Plaintiff.

14.    For purposes of diversity jurisdiction, "[a] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. section 1332(c)(1).  As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'  [citation.]  We believe that the 'nerve center' will typically be found at a corporation's headquarters." *Hertz*, 559 U.S. 77, 78 (2010) (internal citations omitted).

15.    Defendant is incorporated in the State of Delaware and is therefore a citizen of that State. *See* Wadhams Decl. at ¶ 2. Additionally, Defendant's corporate officers, including its Chief Operating Officer, have offices at company headquarters in the State of Arizona, and control and coordinate Defendant's operations from Arizona. *Id.* Thus, Defendant's principal place of business is in the State of Arizona, and it is therefore a citizen of the States of Delaware and Arizona for the purpose of determining diversity of citizenship.

16.    The Complaint also names as defendants "DOES 1-50, inclusive." Pursuant to 28 U.S.C. section 1441(a), however, the citizenship of defendants sued

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

under fictitious names must be disregarded for the purpose of determining diversity jurisdiction.  See *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998).

17.     Therefore, because Plaintiff is a citizen of the State of California (the forum state), and Defendant is <u>not</u> a citizen of the forum state, complete diversity exists for purposes of 28 U.S.C. section 1332.  *See e.g. Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

18.     The amount in controversy in the Complaint exceeds the sum of seventy-five thousand dollars ($75,000) exclusive of interest and costs, as required by Section 1332(a).

19.     Where, as here, removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. section 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  The *Dart Cherokee* Court explained that the removal statute tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 84, 87.

20.     In measuring the amount in controversy, the Court must assume that the allegations contained in the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in his complaint. *See e.g. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). In determining the amount in controversy, the Court may also consider damages awards in similar cases. *See e.g. Kroske v. U.S. Bank Corp.*, 432 F.3d 982, 980 (9th Cir. 2005).

21.     Here, this Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000.  *See e.g. Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court

may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy.") (internal citations and quotations omitted)). Although Defendant denies that Plaintiff has suffered any damages whatsoever, Plaintiff contends that he has suffered a range of damages available under the causes of action asserted.

22.     Plaintiff seeks actual damages for consequential and incidental financial losses, including without limitation, loss of salary and benefits. *See* Zimmerman Decl., **Exh. A**, Summons and Complaint ¶¶ 24, 31, 39, 45, Prayer. As of the date of his termination, on or about May 30, 2019, Plaintiff earned approximately $48,000 per year. *See* Declaration of Carol Summersgill ("Summersgill Decl.") at ¶ 3. Assuming that Plaintiff would have continued to work full-time, and that this case will go to trial in November 2021 (one year from the date Plaintiff filed his Complaint), back pay would **total approximately $120,000** ($48,000/12 months = $4,000 x 30 months). Consequently, Plaintiff's potential back pay damages, not accounting for the value of other employment benefits or any potential increases in salary, are significant and well in excess of the jurisdictional minimum of this Court.

23.     Plaintiff is also seeking damages for "emotional distress," including but not limited to humiliation, mental anguish and embarrassment, and the manifestation of physical symptoms, which Plaintiff alleges will continue for a period in the future not presently ascertainable. *See* Zimmerman Decl., **Exh. A**, Summons and Complaint ¶¶ 25, 32, 40, 46. Plaintiff's claim for emotional distress damages further augments the amount in controversy. In *Kroske, supra*, the Ninth Circuit found that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *See Kroske*, 432 F.3d. at 980; *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of

dollars for non-economic damages have been upheld where there is evidence. . . that the plaintiff suffered heightened mental anguish")).

24.     Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment discrimination, emotional distress awards range from five figures to seven. *See e.g., Flores v. Office Depot Inc.*, BC556173, 2017 WL 773850 (Cal. Super. Ct. Feb. 6, 2017) (awarding $1.064 million in pain and suffering damages); *Gardenhire v. Hous. Auth. of Los Angeles*, 85 Cal. App. 4th 236, 240-241 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim); *Nimmo v. Montage Hotels & Resorts, LLC*, No. 30-2009-00117583-CU-WT-CJC, 2012 Jury Verdicts LEXIS 2353 (Cal. Super. Ct. Feb. 16, 2012) (awarding $275,000 in emotional distress damages in disability discrimination/failure to accommodate case); *Martin v. Arrow Elecs.*, No. SAV041134JVS 2006 WL 2044626 (C.D. Cal. June 12, 2006) (awarding over one million dollars, including $300,000 for pain and suffering, for claims including disability discrimination and wrongful termination).  Therefore, even under *Kroske, supra*, as a conservative baseline, the emotional distress component of Plaintiff's claims could add at least **$25,000.00** to the amount in controversy, if not more.

25.     Plaintiff also seeks punitive damages in connection with his allegations. *See* Zimmerman Decl. at **Exh. A**, Summons and Complaint ¶¶ 27, 34, 42, 47, Prayer. Therefore, a claim for punitive damages further adds to the amount in controversy in this case. *See e.g. Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-46 (9th Cir. 2001).

26.     In *State Farm Mutual Automobile Insurance Company v. Campbell*, the Supreme Court ruled that punitive damages of up to four times the amount of compensatory damages (a 4:1 ratio) is appropriate. *See State Farm Mutual Automobile Ins. Co.*, 538 U.S. 408, 425 (2003). In particular, employment discrimination cases have the potential for large punitive damages awards. *See Simmons v. PCR Technology*, 209

F. Supp. 2d 1029, 1033 N.D. Cal. 2002) (highlighting jury verdicts with "substantial punitive damage awards" in employment discrimination cases.)

27.   The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mut. Benefits Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002). Even using a conservative 1:1 ration of punitive damages to lost wages only, punitive damages would add another **$120,000.00** to the amount in controversy, bringing the estimated amount in controversy to **$265,000.00**. *See* calculations at ¶¶ 22, 23, 24, 26.

28.   Finally, Plaintiff is seeking attorneys' fees in connection with his claims. *See* Zimmerman Decl., **Exh. A**, Summons and Complaint, ¶¶ 26, 33, 41, 46. It is well-settled that, when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *See e.g. Galt G/S v. JSS Scandinavia*,142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be include in the amount in controversy"); *Brady,* 243 F.Supp.2d at 1010-11 (in deciding amount in controversy issue, court may estimate amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail).

29.   "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, No. CV14-09154-AB(AJWx), 2015 WL 898468, at *6 (C.D. Cal. March 3, 2015). Thus, the attorneys' fees component of Plaintiff's claims conservatively adds at least **$30,000.00** to the amount in controversy,

if not more, bringing the estimated amount in controversy to **$295,000.00**. *See* calculations at ¶¶ 22, 24, 26, 29.

30.     Plaintiff also seeks such open-ended relief "[f]or any other relief that is just and proper." *See* Zimmerman Decl., **Exh. A**, Summons and Complaint, Prayer. Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004)  ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she plead in the complaint that she did not assert claim in excess of $75,000.)

31.     In sum, although Defendant does not concede Plaintiff's claims have any merit, based on the above information, it is certain that the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs, as follows:

| Plaintiff's Claim | Amount in Controversy |
|---|---|
| Back Pay | $120,000.00 |
| Emotional Distress | $25,000.00 |
| Punitive Damages | $120,000.00 |
| Attorneys' Fees | $30,000.00 |
| **Total Potential Damages:** | **$295,000.00** |

32.     Thus, pursuant to Section 1332, this Court has original jurisdiction over the claims asserted by Plaintiff in the state court; in turn, this action may be removed by Defendant to this Court pursuant to 28 U.S.C. Section 1441 on the basis of diversity jurisdiction.

/ / /

/ / /

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

10.

///

## NOTICE TO STATE COURT AND PLAINTIFF

33.  Concurrently with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to counsel for Plaintiff, The Tibor Law Firm, APC. In addition, a copy of this Notice of Removal will be concurrently filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

WHEREFORE, Defendant respectfully removes this action from the Superior Court of California, County of Los Angeles, to the above-entitled Court.

Dated:   December 24, 2020

*/s/ Sara Zimmerman*
JON G. MILLER
SARA ZIMMERMAN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
CAL CLOSETS RETAIL, INC.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

11.

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is 18565 Jamboree Road, Suite 800, Irvine, California 92612.

On December 24, 2020, I served the foregoing document(s) described as:

**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446**

on the interested parties by placing ☐ the original [or] ☒ a true copy thereof ☐ to interested parties as follows [or] ☒ as stated on the below service list:

> David F. Tibor
> THE TIBOR LAW FIRM, A.P.C.
> 27200 Agoura Road, Suite 101
> Calabasas, CA 91301
> Tel: 818-312-1529
> Fax: 818-918-4601
> Email: david@tiborlaw.com
>
> Attorney for Plaintiff, KIMOJI BROWN

as follows:

☒   **BY ELECTRONIC MAIL WHERE INDICATED:** Pursuant to FRCP 5(b)(2)(E), I served the foregoing document(s) described by emailing to it each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error. My email address is kgarcia@littler.com.

I hereby certify that I am employed in the Office of a member of the Bar of this Court at whose direction the service was made.

Executed on December 24, 2020, at Irvine, California.

_____
Karla Garcia

4828-3237-0133.3 104032.1012

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

12.